Geiger, J.
Heard on demurrer.-
The plaintiff is the aged mother of Edward F. Walcott, who was the father of Edward F. Walcott, Jr. Edward F. Walcott, Jr., enlisted in the United States Army and made application for war risk insurance in the sum of $10,000, designating his father, the defendant, as beneficiary.
*602 Edward F. Walcott, Jr., died while in military service, and the war risk department has paid to the defendant the sum of $57.50 per month since May, 1919, and under the application of the insurance policy will continue to pay said sum for the period of twenty years.
It is alleged in the petition that at the time of the issuance of said $10,000 policy, Walcott, Jr., in a letter written to his father, directed him in the event of his death, to pay the plaintiff, his grandmother, the sum of $20 each month out of the money received from the government.
It is further alleged that the defendant received said letter, and agreed that the direction of the letter would be complied with.
The petition alleges that the defendant paid over to the plaintiff $40 oirt of the first two allotments, but refuses to pay her any further share out of the allotments.
The petition alleges that the defendant is not the sole beneficiary under the policy of insurance, but holds $20 each month for 240 months, in trust only, as the agent or trustee of the plaintiff.
The petition asks that the court declare the defendant an agent only for $20 of each allotment, and that it be decreed that from all the allotments collected by the defendant prior to the time of the hearing, defendant pay over to the plaintiff $20, and that he pay $20 from all future payments, and that the defendant be required to give bond.
.To this petition defendant demurrs on the ground that the facts plead do.not constitute a cause of action.
It is very unfortunate that controversy should have arisen between an aged mother and her son, in reference to the apportionment of the amount received from the government on account of war insurance taken out by her grandson, who lost his life in the service of the country. The court regrets that the mother and son should call upon the.court to settle a controversy over the disposition of money derived from the government on account of the death of the grandson of one, and the son of the other.
*603 Counsel for defendant insists that the letter plead in the petition is simply a request to the father to give to the grandmother a certain portion of the sum each month; that the grandson was under no moral or legal obligation to provide for the grandmother, and that in as much as the petition does not state that either at the time or before the issuance of the policy, the defendant agreed that in consideration thereof he would pay to the grandmother the sum of $20 per month, there is no binding contract.
It is further insisted that there is no consideration for the contract, and that the policy must speak for itself, and as it on its face is a contract between the government and the deceased soldier, to pay to the named beneficiary the amount of the insurance, nothing can be considered which will vary the terms of that contract.
The court is unable to take the view of counsel for defendant in this matter. It is .clear, that if the son after having taken out insurance in the name of his father, directed that the father, in case of his death, pay $20 a month to the grandmother, and the father agreed to do so, that a trust is imposed, and that equity may interfere to prevent the father from converting the property to his own use, and may declare a trustee ex maleficio.
There need have been no contractual relation between the father and the son, that the father would agree to turn over a portion of the insurance, provided the son would take out a policy in his favor. It is sufficient if it were understood by the father at the time the policy was taken, or afterwards, that-he was not to have the full benefit of the insurance policy, but that a portion of it was to go to another person, and if the father either agreed to such disposition or remained silent, the trust is impressed upon the money, and can be enforced in equity.
There is no attempt to vary the terms of a written contrae 1 between the government and the parties to the insurance policy, but it is within the power of a court of equity to compel proper distribution of the fund after it has been received by Walcott, the father.
*604 • The court needs but call the attention of counsel for defendant to the case of Winder et al, Extrs., v. Scholey et at, Trustees, 83 O. S., 204. "While it is true.that in this case the property was disposed of by a will, and not by a contract of insurance, yet the principles stated and the cases cited are, in the opinion of the court controlling.
The court is also impressed with the reasoning in the unreported ease of Makenson, Guard., v. Arbogast. Logan county court of common pleas, decided October 13, 1919. Of course this ease is not disposed of merely on demurrer, and it remains to be seen whether the facts justify the statements made in the petition.
Demurrer overruled.